IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
GREENBELT DIVISION

| | |
|---|---|
| MONICA JEFFRIES, | * |
| Plaintiff | * |
| v. | * Civil No.: PJM 10-00691 |
| GAYLORD NATIONAL RESORT AND CONVENTION CENTER, et al. | * |
| Defendants | * |

## MEMORANDUM OPINION

Monica Jeffries, *pro se*, sued Defendant Gaylord National Resort and Conference Center and Gaylord Entertainment (collectively, "Gaylord") pursuant to 42 U.S.C. § 12117(a), alleging that Gaylord refused to reasonably accommodate her disability, thereby engaging in employment discrimination in violation of the Americans with Disabilities Act ("ADA"). See 42 U.S.C. §§ 12112(a), 12112(b)(5)(A). Subsequently, Jeffries made the additional allegation that Gaylord retaliated against her for making her complaint when, in violation of 42 U.S.C. § 12203(a) of the ADA, they terminated her employment. Most recently, Jeffries has asserted that Gaylord violated her civil rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), by engaging in age-based employment discrimination against her in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a).

Gaylord has filed a Motion to Dismiss [Document No. 5], asserting that Jeffries has failed to state a claim upon which relief may be granted because she has not specified how Gaylord failed to accommodate her disability, or to specify how they retaliated against her, averring in

any case that Jeffries has not complied with the requirement that she exhaust her administrative remedies before filing suit in federal district court.

For the reasons that follow, Gaylord's Motion to Dismiss Plaintiff's Complaint [Document No. 5] is **DENIED** in part and **DEFERRED** in part.

I.

The core facts are these:

In March 2008, Gaylord hired Jeffries as a "turn down" attendant, i.e. she prepared hotel beds for hotel patrons before they went to sleep. Shortly after beginning her employment at Gaylord, Jeffries received a diagnosis of breast cancer, left work, and in June 2008 began chemotherapy treatment, eventually returning to work in October 2008. Upon her return, Jeffries discovered that Gaylord no longer provided handicap-accessible parking in the employee parking area. She claims that on October 3, 2008 she informed her superiors of her disability[1] and requested as a reasonable accommodation a handicapped parking spot close to the building where she worked. Her superiors allegedly did not provide the requested accommodation. However, Gaylord's electronic records show that it provided Jeffries with the requested handicapped parking pass on February 13, 2009 but Jeffries claims that she was not aware of her employer's handicap pass as of March 24, 2009. *See Jeffries v. Gaylord National Hotel and Convention Center*, No. PJM-09-cv-1876 (D. Md. July 6, 2010). On March 24, 2009 Jeffries suffered a heart attack. She contends that she suffered the heart attack because Gaylord's failure to provide employee-designated parking close to the building where she worked required her to walk an excessive distance, which constituted a violation of the ADA.

---

[1] Although Jeffries makes no specific mention of what her "disability" consisted of, it is assumed that it relates to the after-effects of intensive chemotherapy for treatment of the cancer.

Jeffries filed an employment discrimination claim under the ADA with the Prince George's County Human Relations Commission. On September 25, 2009 the Commission issued a report concluding that sufficient evidence existed to support her allegation of discrimination and proposed an ADR session for Jeffries and Gaylord to attempt to reconcile the matter.[2] Instead of proceeding to the ADR session, Jeffries filed suit in this Court pursuant to 42 U.S.C. §§ 12112(a), 12112(b)(5)(A).

This Court, however, found Jeffries' suit premature. The ADA requires that a plaintiff who seeks to file an employment discrimination claim in federal district court based on a disability must first exhaust all administrative remedies. Since the Court determined that Jeffries had not received a right to sue letter from the Equal Employment Opportunity Commission ("EEOC") before filing suit here, it granted Gaylord's Motion to Dismiss on that ground. *See Jeffries v. Gaylord National Hotel and Convention Center*, No. PJM-09-cv-1876 (D. Md. July 6, 2010).

Meanwhile, on December 31, 2009, in a separate docket, Jeffries re-filed her failure to accommodate claim with the Court, alleging further that, after she had filed her original claim, she was terminated from Gaylord's employ as a result of her participation in protected activity, in violation of 42 U.S.C. § 12203(a). *See Jeffries v. Gaylord National Hotel and Convention Center*, No. PJM-09-cv-3483 (D. Md. Dec. 31, 2009). In her second filing Jeffries *did* include a right to sue letter from the EEOC, but the Court determined that the right to sue letter applied only to the original employment discrimination based on failure to accommodate claim, not the

---

[2] The request for ADR has become moot since Jeffries has since received a right to sue letter from the EEOC on the claim.

"new" retaliation claim, and dismissed the filing without prejudice. *See Jeffries*, No. PJM-09-cv-3483 (D. Md. Dec. 31, 2009).

In this instant filing, Jeffries again alleges both discrimination based on failure to accommodate and retaliation, but also adds a new claim alleging that Gaylord discriminated against her based on age. Gaylord has filed yet another Motion to Dismiss. This one the Court will **DENY** in part and **DEFER** in part.

## II.

A civil action under the ADA follows the "powers, remedies and procedures" detailed in Title VII of the Civil Rights Act of 1964 (as codified in 42 U.S.C. § 2000e-5). *See* 42 U.S.C. § 12117(a). Thus, a plaintiff alleging a violation of the ADA must exhaust both state and federal administrative procedures (if applicable) before bringing suit in federal court. *See, e.g., Love v. Pullman Co.*, 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964 . . . may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief.").

In deferral states (such as Maryland), a plaintiff must first file a claim with the applicable state agency before pursuing an ADA claim with the EEOC. *Davis v. N.C. Dept. of Corr.*, 48 F.3d 134, 137 (4th Cir. 1995). After either sixty days have elapsed from the filing with the state agency or the state procedures here terminated, the claiming party may then file a charge with the EEOC. *Citicorp Pers. to Pers. Fin. Corp. v. Brazell*, 658 F.2d 232, 233-34 (4th Cir. 1981). If, after 180 days from the date of filing the ADA claim with the EEOC, the EEOC does not take action, the party can then request a right to sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1);

*see also Davis v. Va. Commonwealth Univ.*, 180 F.3d 626, 628 n.3 (4th Cir. 1999). Upon receiving the EEOC right to sue letter, the aggrieved party has 90 days from the time of receipt to file suit in federal district court. 42 U.S.C. § 2000e-5(f)(1). If the plaintiff fails to allege or show that she has received the EEOC right to sue letter, the district court lacks jurisdiction over the case. *Davis v. N.C. Dept. of Corr.*, 48 F.3d at 140 (citation omitted).

## III.

As to Jeffries' first claim under the ADA – failure to accommodate her disability – Jeffries eventually submitted the appropriate EEOC right to sue letter. The problem, however, is she may not have filed suit based on this claim within the prescribed time period set forth in 42 U.S.C. § 2000e-5(f)(1). Thus, it is presumed that Jeffries received the right to sue letter from the EEOC on December 18, 2009,[3] but that she did not file suit in this Court on March 19, 2010, which would be one day beyond the statutorily-mandated 90-day time period. *See* 42 U.S.C. § 2000e-5(f)(1). The Court is not inclined to automatically dismiss the claim in these circumstances. Given the possibility that during the Christmas season, the mail was delayed, the Court will give Jeffries a chance to demonstrate that she received the notice sometime after December 19.

As to Jeffries' second claim under the ADA –Gaylord's purported retaliation in response to her participation in a protected activity – it is clear that although Jeffries has not provided a separate EEOC right to sue letter in this Court, it is not necessary for her to exhaust her

---

[3] When the actual date of claimant's receipt of the right-to-sue letter is not known, a court will presume receipt three days after mailing by the EEOC. *See* Fed. Rule Civ. Proc. 6(d) (as amended) (stating that "[w]hen a party may or must act within a specified time after service and service is made under [Federal] Rule (b)(2)(C)... 3 days are added after the period would otherwise expire under [Federal] Rule 6(a)); *see also Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 n.1 (1984) (suggesting that Federal Rule of Civil Procedure 6(d) applies when there is no evidence of when claimant actually received the EEOC right to sue letter.). Although Jeffries has not provided evidence of when she received the applicable right to sue letter, the Court will give her an opportunity to come forth with a sworn statement as to precisely on what date she did receive the notice. Pending receipt of a sworn statement from Jeffries on this point, the Court will defer ruling on this aspect of the Motion to Dismiss.

administrative remedies in order to bring this claim. A plaintiff may raise a claim in a Title VII complaint that was omitted from the foundational EEOC charge "where the claim is 'reasonably related to the allegations and claims in the administrative charge or, if disclosed, the omitted claim could reasonably be expected to follow from the administrative investigation based on the deficient administrative charge.'" *Williams v. Enterprise Leasing Co.*, 911 F. Supp. 2d 988, 994 (E.D. Va. 1995) (citation omitted); *see also Smith v. First Nat'l Bank*, 202 F.3d 234, 247-48 (4th Cir. 2000) ("If a plaintiff's claims in her judicial complaint are reasonably related to her EEOC charge and can be expected to follow from a reasonable administrative investigation, the plaintiff may advance such claims in her subsequent civil suit [without administrative exhaustion].")

Retaliation claims are not only reasonably related to an initial EEOC claim, but are particularly sensitive, as "[h]aving once been retaliated against for filing an administrative charge, the plaintiff will naturally be gun shy about inviting further retaliation by filing a second charge complaining about the first retaliation . . . ." *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992) (citation omitted). Thus, the Fourth Circuit has "adopt[ed] the rule that a separate administrative charge is not pre-requisite to a suit complaining about retaliation for filing the first charge," and the retaliation claim can be raised for the first time in federal court. *Id.* As such, Jeffries' subsequent retaliation claim survives the motion to dismiss at least insofar as it does not require the exhaustion of separate administrative remedies.

The other two claims at issue - that Gaylord violated both Title VII of the Civil Rights Act of 1964 and the ADEA - will be **DISMISSED** with leave to amend.

Title VII of the Civil Rights Act of 1964 makes it unlawful for employers to discriminate on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The ADEA prohibits employers from discriminating on the basis of age against individuals older than

forty years. 29 U.S.C. §§ 623(a), 631(a). In support of these claims, Jeffries has alleged only that "her gender is Female [sic], she is older than forty years of age, she is Black, and that she is a member of a protected class of peoples." (Pl. Resp. to Defs. Mot. to Dismiss 5). This is far less than fair pleading requires.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted). Jeffries provides no meaningful factual information to support her claim that Gaylord discriminated against her based on her gender, race, creed, age, or national origin. Since she may yet be able to do so, Jeffries will be granted 20 days to supply appropriate allegations as to these claims. Should she fail to do so in timely fashion or should Gaylord, in response to her effort to do so, argue persuasively that the claims still merit dismissal, the claims will be dismissed with prejudice.

## IV.

For the foregoing reasons, Defendants' Motion to Dismiss Plaintiffs' Complaint [Paper No. 5] is **DENIED** in part and **DEFERRED** in part.

A separate Order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

November 12, 2010