IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MONICA JEFFRIES** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil No. **PJM 10-00691** |
| | * | |
| **GAYLORD NATIONAL RESORT** | * | |
| **AND CONVENTION CENTER, et al.** | * | |
| | * | |
| Defendants. | * | |
| | * | |

**MEMORANDUM OPINION**

This is the latest in a series of employment discrimination claims pro se Plaintiff Monica Jeffries has filed against her former employers.[1]

The latest claim alleges hostile work environment based on gender and disability under Title VII of the Civil Rights Act of 1964. Gaylord has filed a Supplemental Motion to Dismiss [Paper No. 21]. For the following reasons, the Court **GRANTS** Gaylord's Motion.

**I.**

In March 2008, Gaylord hired Jeffries as a "turn-down assistant," a position which involved housekeeping duties. At all relevant times, Jeffries possessed a state-issued handicapped-parking placard as a result of a previous medical condition.[2] Between March 2008

---

[1] The claims against Gaylord National Resort and Convention Center and Gaylord Entertainment (collectively "Gaylord") allege (1) failure to accommodate disability under the Americans with Disabilities Act (ADA); (2) retaliation; and (3) age, gender, and race discrimination under Title VII and the Age Discrimination in Employment Act (ADEA). The Court denied Gaylord's Motion to Dismiss as to Jeffries' claims of failure to accommodate disability and retaliation but dismissed with prejudice Jeffries' claim of age, gender, and race discrimination under Title VII and ADEA. Originally, Jeffries filed a separate lawsuit alleging hostile work environment based on gender and disability, *Jeffries v. Gaylord National Resort and Convention Center, et al.*, Civil No. PJM 10-2418. Since that case arose out of the same underlying operative facts as the pending case, the Court consolidated the two cases pursuant to Fed. R. Civ. P. 42(a) and directed Gaylord to file a Supplemental Motion to Dismiss, limited to addressing Jeffries' new claim of hostile work environment based on gender and disability and any other claims not asserted in the first lawsuit.

[2] Jeffries apparently has had the placard for eight years.

[1]

and April 2008, Jeffries worked the evening or overnight shift and parked in employee designated handicapped-accessible parking. In April 2008, Jeffries was diagnosed with breast cancer and underwent a mastectomy and several cycles of chemotherapy before returning to work in October 2008. Upon her return, she discovered that employee designated handicapped-accessible parking was no longer available.

Jeffries claims that on October 3, 2008 she informed Gaylord of her disability and requested reasonable accommodation – namely a handicapped parking spot close to the building where she worked. However, her superiors allegedly did not provide the requested accommodation, and, according to Jeffries, due to the excess ambulatory movement from employee parking to the building, she suffered a heart attack in March 2009. In response to Defendants' alleged failure to reasonably accommodate her disability, Jeffries filed an employee discrimination claim under the Americans with Disabilities Act.[3]

Jeffries also claims that upon her return to Gaylord in October 2008, she was treated negatively and harassed by other Gaylord employees in response to her worker's compensation claim (regarding the cancer treatments) and for taking time off from work for medical reasons. Jeffries lists in her Complaint several alleged instances where she was "embarrassed, humiliated, and taunted." In particular, she cites statements made by her colleagues regarding the removal of her breasts as examples of verbal harassment to which she was subjected in the workplace. Moreover, she claims that her superiors threatened to terminate her employment, and refused to approve her internal transfer application which would have allowed her to remove herself from the alleged harassment. By letter dated November 19, 2009, Gaylord informed Jeffries that her employment had been terminated for allegedly taking unapproved leave from work.

---

[3] As indicated, Jeffries' ADA and retaliation claims remain with the case and are not at issue in the instant Motion.

**II.**

Motions to dismiss for lack of subject matter jurisdiction are governed by Fed. R. Civ. P. 12(b)(1). The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court. *See Evans v. B.F. Perkins Co., a Division of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). When considering a 12(b)(1) motion, the court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment" to help determine whether it has jurisdiction over the case before it. *Id.* at 647; *Richmond, Fredericksburg & Potomac R.R. Co. v. U.S.*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a 12(b)(1) motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.* at 768.

**III.**

Gaylord contends that the Court lacks subject matter jurisdiction over Jeffries' claim of hostile work environment because she failed to exhaust her administrative remedies. The Court agrees.

A plaintiff wishing to bring a civil action under Title VII of the Civil Rights Act, as codified in 42 U.S.C. §2000e-5, must exhaust both state and federal administrative remedies before bringing her claim in federal district court. *See, e.g., Love v. Pullman Co.*, 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964…may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."). In Maryland, a plaintiff must first present a claim for hostile work environment to the EEOC or the MCHR before she can raise it in federal court. *See Coby v. Mobley*, No. HAR 93-2080, 1994 U.S. Dist. LEXIS 5125, at *5 (D. Md. Jan. 24, 1994). The Fourth Circuit has "long held that receipt of or at

least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. N.C. Dep't of Correction*, 48 F.3d 134, 140 (4th Cir. 1995); s*ee also Puryear v. County of Roanoke*, 214 F.3d 514 (4th Cir. 2000) (affirming dismissal under 12(b)(1) of Title VII claim on grounds that plaintiff failed to exhaust her administrative remedies).

In this case, it appears that Jeffries filed two complaints before the EEOC, one alleging failure to accommodate her disability (EEOC No. 12H-2009-00055) and a second alleging retaliation (EEOC No. 12H-2010-00052). But she has never filed an EEOC complaint alleging hostile work environment. A plaintiff may not bring Title VII claims that exceed the scope of the EEOC charge and any charges that would "naturally have arisen from an investigation thereof." *Dennis v. County of Fairfax*, 55 F.3d 151, 156-157 (4th Cir. 1995). It is an unreasonable stretch to conclude that the complaints Jeffries filed with the EEOC based on Gaylord's alleged failure to accommodate her disability and retaliation would have provided the EEOC to investigate allegations of hostile work environment based on gender and disability. The Court finds that Jeffries has failed to exhaust her administrative remedies as to the claim of hostile work environment based on gender and disability.

## IV.

Accordingly, Gaylord's Supplemental Motion to Dismiss [Paper No. 21] is **GRANTED** and Jeffries' claim of hostile work environment based on gender and disability is **DISMISSED**.

A separate order will **ISSUE**.

                                                               _____/s/_____
                                                    **PETER J. MESSITTE**
**July 21, 2011**                                **UNITED STATES DISTRICT JUDGE**